[Civ. No. 4819.    First Appellate District, Division Two.—January 28, 1924.]

## P. K. WEBSTER COMPANY (a Corporation), Appellant, v. ROAMER MOTOR CAR COMPANY (a Corporation), Respondent.

[1] Broker's Commissions—Exclusive Sales Contract—Construction.—In this action to recover commissions claimed, upon sales of automobiles made by defendant to persons residing in the territory covered by plaintiff's exclusive sales contract, the trial court was justified in interpreting the contract as applying only to sale originating after its execution, and as not applying to cases where the "prospects" had already been secured and final execution of the contracts alone remained to complete the sale, and in making a finding that the sales in question were not made upon the account or to the credit of plaintiff and the latter was not entitled to the commission or discount thereon.

[2] Accounts—Credit Allowed—Appeal—Evidence.—In an action upon a mutual, open, and current account, based upon an account which plaintiff stated to defendant, plaintiff cannot, on appeal, question the correctness of a credit which it allowed nor criticise the character of evidence offered in proof thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. B. Fernhoff and Edward R. Eliassen for Appellant.

Dinkelspiel & Dinkelspiel, Henry G. W. Dinkelspiel and Martin J. Dinkelspiel for Respondent.

NOURSE, J.—Plaintiff sued upon four causes of action, issue being joined upon the first, which was based upon a mutual, open, and current account for services rendered and materials furnished in the sum of $2,407.85. The account, dated January 1, 1921, contained nine separate items. The first two, in the sum of $550 each, represented claims for commissions for the sale of two Roamer cars within the territory covered by a written contract between the parties dated July 31, 1919. The original account offered in evidence differs from that recited in the complaint in that it contained a statement of credit in the sum of $1,177.59 in favor of the defendant and against the plaintiff. The cause was tried before the court without a jury. The trial court found that plaintiff was not entitled to the two items of commissions, but found that the account of January 1st offered in evidence was otherwise correct and that the defendant was entitled to a credit of $1,177.59 as appeared in that account. This credit was then deducted from the sum allowed in the account and judgment was given in favor of plaintiff in the sum of $130.26. The plaintiff appeals from the judgment.

The appellant urges as grounds for reversal that the evidence does not support the finding that the appellant was not entitled to the commissions claimed and that the trial court erred in allowing respondent a credit of $1,177.59 because of insufficiency of proof.

[1] The contract in evidence gave to the appellant the exclusive right to sell, during the continuance of the contract, Roamer automobiles in Alameda and Contra Costa Counties, and provided that the appellant should have a discount of twenty per cent from the current list price of the automobiles sold to persons who resided in that territory. It was also provided that each party should make up and keep "prospect cards" and that the respective salesmen of the parties to the contract who first filed with his employer a "prospect" should be permitted to complete the sale and should be entitled to receive his commission on the sale. On August 4, 1919, a few days after the execution of the

contract, a Roamer car was sold by a salesman in the employ of the respondent to a resident of Alameda County, and on the following day another car was sold to a buyer who was also a resident of Alameda County, by salesmen who were also in the employ of the respondent. No claim was made by the appellant for any commission or discount on these sales until some six months after the transactions when difficulties arose between the parties to this action. In the meantime work and labor had been performed upon one of these cars by appellant, and this being under the head of "free service" to the purchaser, it was charged to the respondent. The trial court interpreted the contract as applying only to sales originating after its execution and as not applying to cases where the "prospects" had already been secured and final execution of the contracts alone remained to complete the sale. In this conclusion the court was supported by the acts of the parties, from which it appeared that they placed the same construction on the contract. On the facts before it the trial court was therefore justified in making the finding that these sales were not made upon the account or to the credit of the appellant, and therefore correctly rejected its claim for commissions or discounts upon these sales.

[2] Upon the second point appellant's argument finds support only in the fact that it has incorrectly presented a true statement of the account upon which the cause of action was based. This account, which is found in the transcript as Defendant's Exhibit "A," expressly allows the respondent a credit of $1,177.59. The balance which the appellant then claimed to be due appears in the account as $1,230.26. Inasmuch as the action is one upon an open, mutual, and current account and is based upon this account which the appellant stated to the respondent, the appellant cannot at this time question the correctness of the credit which it allowed nor criticise the character of evidence which was offered in proof.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.